UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULTRATECH, INC.,<br><br>           Plaintiff,<br><br>    v.<br><br>ANALOG DEVICES, INC.,<br><br>           Defendant. | Case No. 16-cv-02409-CRB   (EDL)<br><br>**REPORT AND RECOMMENDATION ON CROSS-MOTIONS TO ENFORCE SETTLEMENT AGREEMENT** |

## Introduction

Cross-motions to enforce a written settlement agreement were referred to this Court for a Report and Recommendation on July 20, 2016. Dkt. No. 43. The Court held a hearing on August 9, 2016. For the following reasons, the Court recommends that Defendant's Motion to Enforce the Settlement Agreement and Dismiss the Case be GRANTED, and Plaintiff's Motion to Enforce the Settlement Agreement be DENIED. The Court does not recommend that sanctions be awarded to either party.

## Background

The parties and the presiding judge are aware of the factual background of this case and the parties' communications that led to these motions. To protect the confidentiality of the parties' confidential settlement communications and the sealed filings, this Report and Recommendation does not describe the factual background in great detail. See Dkt. Nos. 18, 22, 30, 32, and 35 (sealing orders). In short, Plaintiff Ultratech, Inc. filed a copyright infringement and breach of contract complaint against Defendant Analog Devices, Inc. ("ADI") on May 3, 2016. Dkt. No. 1. Shortly after filing this complaint, the parties communicated regarding a document production that might result in dismissal of this action. Oliver Decl. ¶ 3. In an email dated May 6, Ultratech

asked ADI to search for emails between a named ADI employee and four specified email addresses.  See Cabral Decl. Ex. A.  There is no indication in the May 6 email that the specified email communications were merely examples of the types of individuals or email addresses that should be searched, or any indication that other emails or documents should also be searched.

Thereafter, the parties executed a written Settlement Agreement.  See Cabral Decl. Ex. B.  The Settlement Agreement required ADI to produce to Ultratech the documents searched and found in accordance with the May 6, 2016 email.  Id. ¶ 1.  Ultratech then had a specified amount of time to "identify any specific additional non-privileged communications . . . that are referenced in the Produced Documents and that it believes should be produced."  Id. ¶ 2.  Ultratech was then obligated to dismiss the Complaint against ADI within a specified time unless Ultratech identified specific additional non-privileged communications in accordance with paragraph 2.  Negotiations for additional documents pursuant to Section 2 would toll the dismissal requirement.  Id. ¶ 3.

Any documents produced by ADI were to be marked "Confidential Business Information - Attorneys Eyes Only" (hereinafter "AEO").  Id. ¶ 4.  Further, the parties agreed that the produced documents would not be disclosed to any other party or used in other litigation unless permitted in writing by ADI," with one stated exception.  Id. ¶ 5.  Ultratech agreed to take appropriate and reasonable steps to maintain the confidentiality of the Produced Documents.  Id.

Upon execution of the Settlement Agreement, ADI searched for and produced emails between its employee and the four email addresses specified in the May 6 email that was specifically referenced in the Settlement Agreement.  The documents were marked AEO pursuant to the Settlement Agreement.

**Discussion**

The parties do not dispute that courts have the power to summarily enforce a settlement reached by the parties in a case pending before it.  See Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987).  They also do not dispute that the Settlement Agreement at issue is complete, the terms are clear, and authorized agents agreed to the terms of the Settlement Agreement.  What they disagree about it is precisely which documents ADI was obligated to produce pursuant to the terms of the Settlement Agreement, and whether ADI's production was sufficient to trigger Ultratech's

obligation to dismiss the complaint with prejudice thereafter.

ADI argues that it was obligated to, and did, search for and produce emails between the employee and the four email addresses identified in the May 6 email that was incorporated by reference into the Settlement Agreement. ADI contends that Ultratech did not then identify any "specific additional non-privileged communications . . . that are referenced in the Produced Documents" as required by the Settlement Agreement. Instead, according to ADI, Ultratech improperly demanded that ADI make a "full production" of documents reflecting communications between ADI and a related business associate generally, including agreements.[1] ADI argues that Ultratech gave up its right to this broad discovery when it executed the Settlement Agreement.

On May 25, ADI notified Ultratech that it had made a full production of the specific documents referenced in the May 6 letter as incorporated into the Settlement Agreement and expected Ultratech to dismiss the complaint with prejudice. Cabral Decl. Ex. C. ADI contends that Ultratech breached the Settlement Agreement by failing to dismiss the complaint with prejudice, and moves to enforce the Settlement Agreement and dismiss the action.

In contrast, Ultratech argues that ADI's initial production was incomplete because the number of emails produced was less than expected and some emails appeared to be missing from the threads produced. Ultratech contends that within the time specified in the Settlement Agreement, it informed ADI that the production was impermissibly limited to a subset of emails relating to its business associate. Ultratech generally demanded non-privileged communications between ADI and the business associate, which it contends the terms of the Settlement Agreement require. See Oliver Decl. ¶¶ 9-12. Ultratech argues that the Settlement Agreement was not intended to be limited to such a small subset of documents, because Ultratech would be entitled to all of the documents sought in the course of civil discovery so it would not have bargained away this right.

---

[1] ADI states that there are no such agreements. See Cabral Decl. Ex. C. Ultratech asserts that this is "implausible." However, ADI stated in a letter to Ultratech that total business conducted between the two companies was not significant. A mere suspicion, without any specific foundation, that more documents exist falls far short of showing a likelihood. This is especially true in light of the modest volume of business.

1        The plain language of the Settlement Agreement is clear and unambiguous and supports
2 ADI's position.  See Gruen Watch Co. v. Artists Alliance, Inc., 191 F.2d 700, 703 (9th Cir. 1951)
3 ("[a]bsent any ambiguity, the provisions of a contract as written will govern").  There is no
4 indication in either the Settlement Agreement or the May 6 email incorporated into the Settlement
5 Agreement that the named individual or the four specifically identified email addresses were
6 merely "examples," or that ADI was generally obligated to produce all documents relating to its
7 business associate.  If that is what the parties bargained for, they could have included that
8 language into the Settlement Agreement.  ADI satisfied its part of the Settlement Agreement by
9 searching for and producing emails between its employee and the four email addresses identified
10 in the May 6 email.  Ultratech was not entitled to thereafter broadly demand all documents relating
11 to communications between ADI and its business associate to toll its obligation to dismiss.  See
12 Settlement Agreement ¶¶ 2-3.  While Ultratech may want more documents, or in hindsight realize
13 that the Settlement Agreement was more specific than intended, it cannot change the terms of an
14 agreement that it signed because it wishes it had made a different bargain.  See Adaptix, Inc. v.
15 ASUSTek Computer Inc., 2015 U.S. Dist. LEXIS 54990 (N.D. Cal. Apr. 24, 2015) (settlement
16 agreements treated like contracts, and "unexpressed intent is irrelevant to the [c]ourt's task in
17 interpreting the contract").  There is no evidence that ADI withheld any documents that fell within
18 the parameters specified in the Settlement Agreement, which incorporated parameters set forth in
19 the May 6 email between counsel.  Pursuant to the terms of the Settlement Agreement, Ultratech
20 should have dismissed the complaint pursuant to the Settlement Agreement shortly after ADI's
21 initial production.
22        For the foregoing reasons, the Court recommends that Defendant's Motion to Enforce the
23 Settlement Agreement be granted and the case dismissed, and Plaintiff's Motion to Enforce should
24 be denied.

**Attorney's Fees**

26        In the same motion, ADI adds a request for attorneys' fees pursuant to 17 U.S.C. § 505,
27 which provides for a discretionary award of fees to the prevailing party in a copyright
28 infringement action when certain factors are met.  See Seltzer v. Green day, Inc., 725 F.3d 1170,

4

1180-81 (9th Cir. 2013) ("courts deciding whether to award attorney's fees can look to five non-exclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence."). ADI argues that it will be the prevailing party when the Settlement Agreement is enforced, and Ultratech has breached the Settlement Agreement by refusing to dismiss the case according to its terms and disclosing the produced documents to Ultratech employees despite their AEO designation. However, ADI did not specifically address the factors set forth in Seltzer. Moreover, it did not comply with Civil Local Rule 7-8, which requires that any motion for fees be filed separately.

Ultratech counters that no fees are warranted because there is no prevailing party yet, and that even if the Court agrees that the Settlement Agreement should be enforced in favor of ADI and the case summarily dismissed, it is still not clear that ADI should be considered a prevailing party entitled to fees under the Copyright Act. See Shloss v. Sweeney, 515 F. Supp. 2d 1083 (N.D. Cal. 2007) (prevailing party must achieve a judicially sanctioned material alteration of the legal relationship of the parties). Ultratech is correct that ADI did not adequately address this requirement.

Further, Ultratech argues that it did not breach the confidentiality provisions of the Settlement Agreement by sharing ADI's documents with employees, even though they were designated AEO, because the Settlement Agreement carved out an exception for use in another specified litigation and there is no evidence that the documents were disclosed to anyone not involved in that litigation. Ultratech's interpretation of the confidentiality provisions of the Settlement Agreement is not persuasive. The Settlement Agreement provides that any documents produced by ADI were to be marked AEO, and were not to be "disclosed to any other party or used in any other litigation unless permitted in writing by ADI" with one specific exception. Id. ¶¶ 4-5. Ultratech agreed to "take appropriate and reasonable steps to maintain the confidentiality of the Produced Documents." Id. Permission to use the documents in another litigation does not do away with the requirement that they be labeled AEO or that steps be taken as needed to

preserve their confidentiality when they were so used. The Settlement Agreement did not carve out any exception for Ultratech to share the produced documents with employees for purposes of litigation. Nevertheless, ADI does not provide any authority supporting its position that breach of the confidentiality provisions of a settlement agreement entitles it to a fee award under copyright law. Furthermore, its failure to comply with Local Rule 7-8 supports denial of the fee request. The Court therefore recommends that no fees be awarded.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO RECOMMENDED.**

Dated:  August 16, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge